**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| Planet Fitness International Franchise, | |
| Plaintiff | **Case No. 1:20-cv-_____-__** |
| v. | |
| JEG-United, LLC, | |
| Defendant | |

## COMPLAINT

### I.    INTRODUCTION

The Plaintiff, Planet Fitness International Franchise ("Planet Fitness"), entered into a

contract with the Defendant, JEG-United, LLC ("Defendant JEG-United"), entitled a Side Letter

Agreement (the "Contract") related to the development of fitness clubs under the Planet Fitness®

brand in certain geographical areas within Mexico.  Under the Contract, Defendant JEG-United

developed five fitness clubs in Mexico—four are operational notwithstanding disruption from

COVID-19 and one is under construction (the "Mexico Businesses").   As part of the Contract,

Defendant JEG-United was afforded temporary exclusivity to operate Planet Fitness clubs within

a certain geographical territory with the opportunity to explore future development of additional

fitness clubs and permanent exclusivity through a potential Area Development Agreement.  In

the event the parties were unable to enter an Area Development Agreement, however, the

Contract also provided Defendant JEG-United with a Put Option.

Under the Put Option, if Defendant JEG-United timely exercised, Planet Fitness was

required to purchase the five fitness clubs at book value, which was to be calculated using an

objective and straight-forward valuation process: the shareholder's equity of such businesses as of the date of determination, computed in accordance with generally accepted accounting principles, less any goodwill and other intangible assets.

On March 19, 2020, after it failed to negotiate an Area Development Agreement with Planet Fitness—and also failed to negotiate a sale to, or joint venture with, a third party— Defendant JEG-United exercised its rights under the Put Option.  In response, Planet Fitness agreed to purchase the fitness clubs, performed a calculation of the book value of the businesses using the objective and straight-forward calculation method explicitly required by the Contract, shared the calculation with Defendant, submitted a purchase agreement with a purchase price of book value (approximately $13,800,000, subject to certain limited adjustments based on information to be provided by Defendant), and sought to close on the sale.  Defendant JEG-United, however, has refused to move forward with the sale and demanded that Planet Fitness purchase the businesses for $20,000,000—a proposed purchase price which, the Defendant admits, is not based on the book value of the business and is therefore contrary to the Contract.

Planet Fitness now brings this action under the Declaratory Judgment Act seeking an order from this Court: (1) calculating the book value of the business and declaring that value is the appropriate purchase price in accordance with the Put Option; (2) declaring that Planet Fitness has timely met all of its obligations to purchase the Mexico Businesses under the Put Option; (3) finding that Defendant JEG-United breached the Contract by refusing to perform following its exercise of the Put Option; and (4) ordering Defendant JEG-United to specifically perform under the Contract by providing the necessary financial and tax information to complete the valuation and then selling the businesses to Planet Fitness at the calculated book value. Planet Fitness will suffer an undue hardship if the parties' rights and obligations under the

Contract are not adjudicated and affixed by this Court.  Among other things, without a prompt declaration from this Court, Planet Fitness will be prevented from taking ownership of the Mexico Businesses, arranging for their successful operation, and mitigating any further loss of value of the Mexico Businesses as a result of Defendant JEG-United's failure to perform under the Contract.

**PARTIES AND RELEVANT NON-PARTIES**

1.      **Plaintiff Planet Fitness International Franchise** is an exempted company formed under the laws of the Cayman Islands and with a principal place of business at 4 Liberty Lane West, Hampton, New Hampshire 03842.

2.      **Defendant JEG-United, LLC** is a Limited Liability Company incorporated in the State of Delaware.  Defendant JEG-United is a joint venture between United-PF Mex, LLC, which has a principal place of business located at 4635 Boston Lane, Suite 200, Austin, Texas 78735, and JEG-PF Mexico, LLC, which has a principal place of business located at 2800 Southhampton Road, Philadelphia, Pennsylvania 19154.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 2201–2202 as this case presents a case and controversy under the Declaratory Judgment Act.

4.      This Court also has both subject matter and personal jurisdiction as the parties have agreed by contract to submit to the jurisdiction of this Court and waive any objection they may have to either the jurisdiction of, or venue in, this Court.

5.      Venue lies in this district under 28 U.S.C. § 1391(b) (2) and (3) in that the District of New Hampshire is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6.      Venue also lies in this district as the parties have agreed by contract to submit to the jurisdiction of this Court and waive any objection they may have to either the jurisdiction of, or venue in, this Court.

## FACTUAL BASIS FOR CLAIMS

7.      Planet Fitness was founded in 1992 in Dover, New Hampshire and is one of the largest and fastest-growing franchisors and operators of fitness centers in the United States by number of members and locations.   As of March 31, 2020, Planet Fitness had more than 15.5 million members and 2,039 fitness clubs located in all fifty states, the District of Columbia, Puerto Rico, Canada, the Dominican Republic, Panama, Mexico, and Australia.  Planet Fitness's mission is to enhance people's lives by providing a high-quality fitness experience in a welcoming, non-intimidating environment.

8.      This case involves a dispute between Planet Fitness and one of its franchise groups, Defendant JEG-United, arising, in part, because the parties were unable to negotiate an Area Development Agreement for the development of  fitness clubs in certain geographical territories in Mexico.

9.      An Area Development Agreement grants a franchisee development rights within a territory (which is exclusive, subject to certain exceptions) in which to develop a specified number of franchise locations (fitness clubs under the Planet Fitness® brand) according to a negotiated and mutually agreed schedule, within a given period of time, depending on population of the area, its market potential and many other factors.

10.     On April 7, 2017, Planet Fitness entered into a Side Letter Agreement with JEG-Mex, LLC in connection with the development of a Planet Fitness club to be located in Santa Catarina, Mexico, which provided JEG-Mex, LLC with certain temporary, territorial protections for potential future development of other Planet Fitness clubs in Mexico.  At that time, JEG-Mex, LLC declined the opportunity to sign an Area Development Agreement.

11.     On December 21, 2017, Planet Fitness entered into a second Side Letter Agreement with JEG-Mex, LLC, which included provisions for certain marketing obligations, royalties, and other matters related to the development of Planet Fitness clubs in Mexico. As of the signing of the second Side Letter, JEG-Mex, LLC was still unwilling to sign an Area Development Agreement.

12.     During this time period, Planet Fitness and JEG-Mex, LLC continued to negotiate the terms for a potential Area Development Agreement.  JEG-Mex, LLC also began negotiating a joint venture with another franchise group, United PF Holdings, LLC ("United PF") —which ultimately resulted in the formation of Defendant JEG-United— to raise additional capital for the development of fitness clubs in Mexico.  Planet Fitness was supportive of the joint venture.

13.     Typically, a franchisee developing Planet Fitness clubs in a new country would sign an Area Development Agreement to secure limited exclusivity within a geographic territory of the country.  However, Defendant JEG-United was unwilling to commit to signing an Area Development Agreement and instead wanted to develop a small number of fitness clubs while it (i) conducted additional due diligence related to the market and (ii) considered its funding options.  In addition, Defendant JEG-United requested an "exit strategy" in the event that either the pilot clubs it developed were not successful or the parties could not reach agreement on the final terms of an Area Development Agreement. Planet Fitness accommodated these requests

and offered to enter into an agreement with Defendant JEG-United.  The agreement proposed to extend the previous side letter agreements and include a Put Option obligating Planet Fitness to purchase the clubs from Defendant JEG-United at book value.  Planet Fitness is not in the practice of entering into agreements that include "put options" with its franchisee groups, but agreed to do so in this instance as a special accommodation in response to concerns raised by Defendant JEG-United.

14.      On March 5, 2019, Planet Fitness formally consented to the transfer of the ownership from JEG-Mex, LLC to Defendant JEG-United.[1]  Planet Fitness then entered into the Contract with Defendant JEG-United.  *See* **Exhibit A**. The Contract terminated the first and second Side Letter Agreements with JEG-Mex, LLC.  *Id*. at 3.  The Contract also provided certain development rights for Planet Fitness clubs in Mexico to Defendant JEG-United, established a negotiation period for the parties to continue exploring a potential Area Development Agreement, and provided Defendant JEG-United with a Put Option.  *Id*. at 1–3.  Both Planet Fitness and Defendant JEG-United were represented by outside counsel during the negotiation and drafting of the Contract, with multiple iterations being traded between the parties before it was finalized.

15.      Paragraph 2 of the Contract, captioned <u>Potential for Future Agreements</u>, stated that the parties were currently in "discussions regarding a potential Area Development Agreement" for certain geographical territories within Mexico, which included the Monterrey metropolitan area, the municipal boundaries of Saltillo, and the municipal boundaries of Torreon. **Exhibit A** at 1–2.  Under this provision, Planet Fitness agreed to continue to negotiate an Area Development Agreement with Defendant JEG-United until December 31, 2019.  *Id*.  During the

---

[1] Under the Franchise Agreements between Planet Fitness and JEG-Mex, LLC, Planet Fitness, as franchisor, had consent rights surrounding any transfer of ownership.

negotiation period, Planet Fitness granted Defendant JEG-United temporary exclusivity in certain geographical locations, which prevented Planet Fitness from developing—either on its own or by franchising—any additional fitness clubs in those markets.  *Id*.

16.     Paragraph 7 of the Contract granted Defendant JEG-United a Put Option.  **Exhibit A**  at 2–3.   This Put Option provided Defendant JEG-United with some additional protection around its investment in the fitness clubs in Mexico.  Specifically, if Defendant JEG-United was unsuccessful in negotiating an Area Development Agreement with Planet Fitness or at any point decided not to move forward with developing any additional locations in Mexico, it had the option to force Planet Fitness to purchase the existing fitness clubs in Mexico.

17.     Paragraph 7 of the Contract provides, in pertinent part:

> Put Option.  If the Potential ADA is not executed by the end of the Potential ADA Negotiation Period, JEG-United shall have the right, exercisable by written notice delivered to [Planet Fitness] within thirty (30) days from the end of the Potential ADA Negotiation Period, to sell the Initial Businesses and the Additional Businesses (collectively, the "Mexico Businesses") to [Planet Fitness].  Upon receipt of JEG-United's notice, [Planet Fitness] shall have ninety (90) days to purchase the Mexican Businesses *for a price equal to the book value of the Mexico Businesses.   The book value of each Mexico Business shall be calculated as the shareholder's equity of such business as of the date of determination, computed in accordance with generally accepted accounting principles, less any goodwill and other intangible assets (including franchise rights) reported by such business on its balance sheet* . . . .

**Exhibit A** at 2–3 (emphasis added).

18.     Paragraph 16 of the Contract explicitly established that the Contract was "governed by, and construed in accordance with, the laws of the State of New Hampshire" and that the parties agree "that any legal proceeding relating to this Side Letter Agreement [(the Contract)] or the enforcement of any provision of this [Contract] shall be brought or otherwise commenced only in the State or Federal courts of the State of New Hampshire."  **Exhibit A** at 4.

19.     The Contract also included a non-binding summary of proposed terms for an Area Development Agreement (the "Non-Binding Terms"), which contemplated that Defendant JEG-United would have the right and obligation to open approximately thirty clubs over eight years. **Exhibit A** at 11–14.

20.     Defendant JEG-United is a sophisticated party that was represented by outside counsel during the relevant negotiations—which included negotiations surrounding the Contract, prior side letter agreements (involving entities related to Defendant JEG-United), and the unsuccessful discussions surrounding an Area Development Agreement.  In fact, the principals of Defendant JEG-United and its outside counsel have successfully worked with Planet Fitness over the years on many prior occasions, including entering into several Area Development Agreements in various parts of the United States.

21.     To date, Defendant JEG-United has established five Planet Fitness clubs in Mexico: (1) Santa Catarina—opened April 14, 2018; (2) Monterrey—opened August 12, 2019; (3) Guadalupe—opened January 25, 2020; (4) Apodaca—opened February 1, 2020; and (5) Saltillo—currently under construction.

22.     By early 2020, the negotiations between Planet Fitness and Defendant JEG-United for an Area Development Agreement stalled as the parties disagreed on a development schedule, among other terms.  In essence, Defendant JEG-United was unwilling to commit to develop thirty fitness clubs in approximately eight years' duration as contemplated by the Non-Binding Terms and instead proposed a significantly reduced and delayed development schedule.

23.     In addition to its negotiations with Planet Fitness, Defendant JEG-United was also negotiating to sell its five clubs in Mexico to an unaffiliated third party, a Mexican developer. As a result of Defendant JEG-United's ongoing negotiations with the Mexican developer,

8

Defendant JEG-United sought an extension of its Area Development Agreement negotiation period with Planet Fitness, which expired on December 31, 2019.

24.     On January 21, 2020, Trey Owen, a principal of Defendant JEG-United, notified Planet Fitness that Defendant JEG-United: (1) preferred to either enter into a joint venture with the Mexican developer or sell the clubs to this Mexican developer; (2) determined it was not a priority to negotiate an Area Development Agreement with Planet Fitness; and (3) wanted an extension of the expired negotiation period in the event it became necessary for Defendant JEG-United to exercise the Put Option.

25.     That same day, Defendant JEG-United sent Planet Fitness a Notice of Intent to Exercise Put Option for Mexico Businesses ("Notice of Intent to Exercise").  **Exhibit B**.  In the Notice of Intent to Exercise, Defendant JEG-United cited the expiration of the Area Development Agreement negotiation period, its right to sell the clubs to Planet Fitness under the Put Option, and its present intent to exercise the Put Option by January 30, 2020, if Planet Fitness did not agree to extend the Area Development Agreement negotiation period to April 30, 2020.  *Id*.

26.     Specifically, Defendant JEG-United explained to Planet Fitness that the extension was needed to provide it with additional time to negotiate a deal with the Mexican developer, while maintaining the right to exercise the Put Option.  In its Notice of Intent to Exercise, Defendant JEG-United cited "certain ongoing discussions between JEG-United, [Planet Fitness], and certain other interested parties relating to a number of different business options in Mexico. In order to allow those discussions to continue," Defendant JEG-United sought an extension of the negotiation period.  *Id*.

27.     Defendant JEG-United stated that, "Upon receipt of [notice exercising the Put Option], we fully expect that [Planet Fitness] will, as required by the [Contract], purchase the Mexico Businesses for a price equal to the book value of the Mexico Businesses." *Id*.

28.     Although it could have declined to grant the requested extension and in turn caused Defendant JEG-United to follow through with exercising the Put Option at that time, Planet Fitness agreed to the further extension of the Area Development Agreement negotiation period in order to afford Defendant JEG-United additional time to negotiate a deal with the Mexican developer or to negotiate an Area Development Agreement with Planet Fitness.

29.     On January 28, 2020, Planet Fitness and Defendant JEG-United entered into an extension of the Side Letter Agreement. **Exhibit C**.  This amendment to the Contract extended the negotiation period for an Area Development Agreement to June 30, 2020 and allowed either party to terminate the negotiation period earlier by sending written notice. *Id*. at 1. The amendment also extended the time period for Defendant JEG-United to exercise its Put Option as set forth in Paragraph 7 of the Contract. *Id*.  The amendment did not change the substance of the Put Option. *Id*.

30.     Over the next few weeks, Defendant JEG-United's discussions with the Mexican developer deteriorated.  On March 19, 2020—in the midst of business closures, volatile market conditions due to the COVID-19 pandemic, and on the eve of a government-issued closure of the Mexico Businesses—Defendant JEG-United sent Planet Fitness written notice of its "Exercise of Put Option for Mexico Businesses." **Exhibit D**.  The notice declared an end to the negotiation period for the Area Development Agreement and explicitly exercised the Put Option under paragraph 7 of the Contract. *Id*. at 2.  The notice demanded that Planet Fitness purchase the Mexico Businesses within 90 days—establishing a deadline of June 17, 2020. *Id*. at 2.

31.     Planet Fitness accepted the notice as a valid and timely exercise of the Put Option and immediately commenced action to prepare for the purchase of the Mexico Businesses.

32.     On April 3, 2020,  Defendant JEG-United's Chief Operating Officer John Williams provided Planet Fitness with its proposed purchase price: $20,000,000, which represented "our basis in the investment, plus any additional working capital expenses operating the clubs and investment cost (hard or soft) to continue with the buildout of [the club currently under development in Saltillo] between now and closing."  This proposed purchase price, however, grossly deviated from the agreed-upon valuation method set forth in Paragraph 7 of the Contract.  Specifically, Defendant JEG-United sought compensation for goodwill and intangibles—value that was explicitly excluded in calculating book value under the Contract.

33.     Planet Fitness followed the formula set forth in Paragraph 7 (Put Option) of the Contract in calculating the book value of the Mexico Businesses, calculated the value at approximately $13,800,000, and provided the calculation and relevant support to Defendant JEG-United.  Planet Fitness has since requested certain additional financial and tax information from Defendant JEG-United, which is necessary to calculate limited adjustments to finalize this valuation—these anticipated adjustments will have a negligible effect on the current valuation. As of this filing, Defendant JEG-United has not provided the requested information needed to finalize the valuation and has refused to sell the Mexico Businesses to Planet Fitness at purely book value.

34.     Despite Defendant JEG-United's failure to perform under the Contract, Planet Fitness provided Defendant JEG-United with a proposed purchase agreement, informed Defendant JEG-United it has the funds available for the purchase price, and has notified

Defendant JEG-United it was prepared to timely make payment and close on the sale of the Mexico Businesses in accordance with the Contract.

35.     Following Defendant JEG-United's continued refusal to perform and mindful of the June 17, 2020 deadline to purchase the Mexico Businesses, Planet Fitness promptly commenced this suit.

## CLAIMS FOR RELIEF

### COUNT I

### (Declaratory Judgment – 28 U.S.C. § 2201(a))

36.     The Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 35 as if set forth herein.

37.     Given the immediate and substantial harm posed by the Defendant's refusal to sell to the Plaintiff the Mexico Businesses at book value, refusal to provide necessary information to complete the valuation, its disregard of the contractual language related to the purchase price, and its demand for payment well beyond the book value, this case presents to the Court "a case of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).

38.     As a result, the Plaintiff seeks a declaration: (i) establishing the book value of each Mexico Business (as defined in the Put Option within paragraph 7 of the Contract); (ii) that this value is the appropriate purchase price in accordance with the Put Option to be the contractually agreed upon purchase price for the Mexico Businesses; and (iii) that Planet Fitness has timely met its obligations under the Contract.

39.     The Contract requires the parties to calculate book value "as the shareholder's equity of such business as of the date of determination, computed in accordance with generally accepted accounting principles, less any goodwill and other intangible assets (including franchise rights) reported by such business on its balance sheet."

40.     The Defendant submitted its balance sheet to the Plaintiff.  Using that balance sheet, the Plaintiff conducted the objective and straight-forward calculation in accordance with generally accepted accounting principles, less any goodwill and other intangible assets as set

forth in the Contract**.**  The Defendant has refused, however, to provide additional information that is necessary to finalize the valuation.

41.     Defendant JEG-United's demand for a purchase price significantly higher than the book value runs contrary to the plain and unambiguous language in the Contract regarding the process for calculating the book value of the Mexico Businesses.  Consequently, the Contract cannot be read to cause the Plaintiff to purchase the Mexico Businesses at a price greater than the book value.  If, and when, Defendant JEG-United supplies the missing information, the book value will not approach the $20,000,000 Defendant JEG-United unreasonably demands from Plaintiff.

42.     There is a bona fide and substantial controversy between these parties and they have adverse legal interests.

43.     There is urgency and immediacy to resolving this dispute as (i) the Contract requires Planet Fitness to complete the purchase on or before June 17, 2020 and (ii) the Mexico Businesses may suffer a material diminution in value due to Defendant JEG-United's continued failure to perform under the Contract.

44.     A declaration from this Court as to the purchase price is necessary to enable these parties to clarify their respective legal rights and obligations under the Contract and act upon them.

45.     A further declaration from this Court that Plaintiff has timely met its obligations under the Put Option is necessary to enable these parties to clarify their respective rights and obligations under the Contract and act upon them.

46.     Plaintiff will suffer an undue hardship if the parties' rights and obligations under the Contract are not adjudicated and affixed by this Court.  Among other things, without a

prompt declaration from this Court, Plaintiff will be prevented from taking ownership of the Mexico Businesses and arranging for their successful operation.

47.     Accordingly, the Plaintiff is entitled to an order declaring: (i) the book value of the Mexico Businesses; (ii) that this declared value constitutes the purchase price for the Mexico Businesses under the Contract, as defined therein; and (iii) the Plaintiff has timely met its obligations to purchase the Mexico Businesses by June 17, 2020.

## COUNT II

### (Breach of Contract)

48.     The Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 47 as if set forth herein.

49.     The Side Letter Agreement—the Contract—is a valid and enforceable contract.

50.     Accordingly, the Put Option set forth in Paragraph 7 of the Side Letter Agreement is valid and enforceable upon exercise.

51.     Defendant JEG-United timely and properly executed its rights under Paragraph 7 obligating the parties to calculate the book value, obligating the Plaintiff to purchase the Mexico Businesses within ninety days of the exercise of the Put Option (by June 17, 2020), and, in turn, obligating Defendant JEG-United to sell the Mexico Businesses to the Plaintiff for a price equal to the book value of the Mexico Businesses.

52.     Defendant JEG-United's refusal to both produce necessary financial and tax information and sell the Mexico Businesses at book value constitutes a breach of the Side Letter Agreement, including a breach of Paragraph 7.

53.     Damages alone are inadequate to cure this breach due to the unique nature of the Mexico Businesses and the Contract.

54.     The Plaintiff is entitled to specific performance of the Contract (Side Letter Agreement), plus all damages, costs, interest, and attorneys' fees in an amount within the jurisdictional limits of this Court.

55.     Additionally, all New Hampshire contracts include an implied covenant of good faith and fair dealing requiring parties to act fairly with one another and in good faith during contract formation and performance.

56.     The parties were obligated to perform their obligations under the Contract in accordance with the parties' reasonable and justifiable expectations, cooperate with the other's performance, and not evade their obligations.

57.     The Plaintiff justifiably expected that once Defendant JEG-United exercised the Put Option, it would fulfill its obligation to sell the Mexico Businesses to the Plaintiff for book value.  Defendant JEG-United's efforts to prevent the Plaintiff from finalizing the valuation and extract additional consideration beyond the contractually agreed-to purchase price in order to move forward with the sale of the Mexico Businesses violates the implied covenant of good faith and fair dealing.  Defendant JEG-United's insistence on a purchase price that is grossly above the book value also violates the implied covenant of good faith and fair dealing.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A.  Declare the book value of the Mexico Businesses;

B.  Declare that this valuation, as set forth in Paragraph 7 of the Side Letter Agreement, is the appropriate purchase price for the Mexico Businesses;

C.  Declare that the Plaintiff has timely met its obligations to purchase the Mexico Businesses from the Defendant JEG-United;

D.  Find that the Defendant JEG-United breached the Side Letter Agreement and order

    the Defendants to specifically perform under the Contract by requiring Defendants to

    sell the Mexico Businesses to Plaintiff for book value;

E.  Grant the Plaintiff their costs, interest, and attorneys' fees; and

F.  Order any other relief deemed appropriate and just.


        Respectfully submitted,

        **PLANET FITNESS**
        **INTERNATIONAL FRANCHISE**

        By Its Attorneys,

        **SHEEHAN PHINNEY BASS & GREEN, PA**

Dated: June 10, 2020      By: */s/ Patrick J. Queenan*
        Patrick J. Queenan, Esq. (#20127)
        James P. Harris, Esq (#15336)
        1000 Elm Street, 17th Floor
        Manchester, NH 03110
        (603) 668-0300
        pqueenan@sheehan.com
        jharris@sheehan.com


<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing was served on all counsel of record by filing same using the Court's ECF system.


Dated: June 10, 2020        */s/ Patrick J. Queenan*
        Patrick J. Queenan (#20127)