**TERMINATION AND MUTUAL RELEASE AGREEMENT**

THIS TERMINATION AND MUTUAL RELEASE AGREEMENT (this "**Agreement**") is made and entered into by and among JEG-Mexico Bueno, S de RL de CV ("**Franchisee**"); each of the entities and individuals identified as owners on the signature page hereof (each an **"Owner"** and together, the "**Owners**"); and Planet Fitness International Franchise (the "**Franchisor**"). This Agreement is effective as of June 17, 2020 (the "**Effective Date**").

**RECITALS**

A.  Franchisee holds the rights to operate a specific number of PLANET FITNESS businesses ("**PF Businesses**") pursuant to franchise agreements entered into and listed on Schedule A attached hereto (together, the "**Franchise Agreements**").

B.  In connection with the sale and transfer of the PF Businesses, Franchisor, Owners and Franchisee desire to terminate the Franchise Agreements and any related rights they may have thereunder, except as set forth below.

**NOW THEREFORE**, in consideration of the mutual covenants and conditions contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  Termination of Franchise Agreements. Franchisee, Owners and Franchisor acknowledge and agree that, as of the Effective Date, the Franchise Agreements, the mutual rights and obligations contained therein, the guarantees in favor of Franchisor contained therein, as well as any other rights that Franchisor claims against Franchisee and Owners thereunder and that Franchisee and Owners claim against Franchisor thereunder, including any claims that Franchisee may hold for the right to use the PLANET FITNESS system and intellectual property under the Franchise Agreements, are hereby terminated as of the Effective Date, with the exception of any continuing obligations of Franchisee and Owners pursuant to the terms of the Franchise Agreements that by their nature survive termination related to the obligations regarding Non-Competition, Marks, Confidential Information, and Indemnification.

2.  Mutual Release of Claims.

    a.  Release By Franchisee Releasors. Franchisee and Owners for themselves and their successors, predecessors, assigns, beneficiaries, executors, trustees, agents, representatives, employees, officers, directors, shareholders, partners, members, subsidiaries and affiliates (jointly and severally, the "**Franchisee Releasors**"), irrevocably and absolutely release and forever discharge Franchisor and its successors, predecessors, assigns, beneficiaries, executors, trustees, agents, representatives, employees, officers, directors, shareholders, partners, members, subsidiaries and affiliates (jointly and severally, the "**Franchisor Releasees**"), of and from all claims, obligations, actions or causes of action (however denominated), whether in law or in equity, and whether known or unknown, present or contingent, for any injury, damage, or loss whatsoever arising from any acts or occurrences occurring as of or prior to the Effective Date relating to the Franchise Agreements, the businesses operated under the Franchise Agreements, and/or any other previously existing agreement between any of the Franchisor Releasees and any of the Franchisee Releasors, including but not limited to, any alleged violations of any deceptive or unfair trade practices laws, franchise laws, or other local, municipal, state, federal, or other laws, statutes, rules or regulations, and any alleged violations of the Franchise Agreements or any other related agreement, except for any claims arising out of the breach of this Agreement or the Asset Purchase Agreement, dated as of the date hereof, by and between Planet Fitness Holdings, LLC and Franchisee (the "**APA**"), and the documents executed in connection therewith. The Franchisee Releasors, and each of them, also covenant not to sue or otherwise bring a claim against any of the Franchisor Releasees regarding any of the claims being released under this Release.

    b. <u>Release By Franchisor Releasors</u>.  Franchisor for itself and on behalf of the Franchisor Releasees (collectively, the "**Franchisor Releasors**"), irrevocably and absolutely release and forever discharge each Franchisee, each Owner and each of the Franchisee Releasors (collectively, the "**Franchisee Releasees**"), of and from all claims, obligations, actions or causes of action (however denominated), whether in law or in equity, and whether known or unknown, present or contingent, for any injury, damage, or loss whatsoever arising from any acts or occurrences occurring as of or prior to the Effective Date relating to the Franchise Agreements, the businesses operated under the Franchise Agreements, and/or any other previously existing agreement between any of the Franchisor Releasors and any of the Franchisee Releasees, including but not limited to, any alleged violations of any local, municipal, state, federal, or other laws, statutes, rules or regulations, and any alleged violations of the Franchise Agreements or any other related agreement, except for any claims arising out of the breach of this Agreement or the APA and the documents executed in connection therewith. The Franchisor Releasors, and each of them, also covenant not to sue or otherwise bring a claim against any of the Franchisee Releasees regarding any of the claims being released under this Release.

    3. <u>Representations and Warranties</u>. Franchisee and each Owner, on behalf of the Franchisee Releasors hereby represent, warrant and covenant to the Franchisor Releasees, and the Franchisor, on behalf of the Franchisor Releasors hereby represent, warrant and covenant to the Franchisee Releasees (each such party is sometimes referred to herein as the "**Releasing Party**" or "**Released Party**", as the context may require herein) that:

    a. There are no claims, charges, lawsuits, or any similar matters of any kind filed by a Releasing Party or on their behalf or for their benefit presently pending against the Released Party, or any of them, as the case may be, in any forum whatsoever, including, without limitation, in any state or federal court, or before any federal, state, or local administrative agency, board, or governing body, other than the action filed against Franchisee's affiliate in the United States District Court for the District of New Hampshire, captioned Planet Fitness International Franchise v. JEG-United LLC, No. 1:20-cv-00693. Each Releasing Party further represents and warrants that such Releasing Party has not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, corporation or entity any claim, charge, lawsuit, or any similar matter of any kind herein released.

    b. Each party whose signature is affixed hereto in a representative capacity represents and warrants that he or she is authorized to execute this Agreement on behalf of and to bind the entity on whose behalf his or her signature is affixed. In the event that there is a breach of any representation or warranty of authority to execute this Agreement, the Releasing Party shall indemnify and hold harmless the Released Parties hereto from any and all loss or damage, including reasonable attorneys' fees, incurred as result of the breach of such representation and warranty.

    4. <u>Acknowledgement of Release of Unknown Claims</u>. Each Releasing Party hereby acknowledges that the release of claims set forth in Section 2 is intended to be a full and unconditional general release, as that phrase is used and commonly interpreted, extending to all claims of any nature, whether or not known, expected or anticipated to exist in favor of the Releasing Parties against the Released Parties. In making this voluntary express waiver, the Releasing Parties acknowledge that claims or facts in addition to or different from those which are now known to exist may later be discovered and that it is the Releasing Parties' intention to hereby fully and forever settle and release any and all matters, regardless of the possibility of later discovered claims or facts.

The release of claims set forth in this Agreement is and shall be and remain a full, complete and unconditional general release, except as otherwise set forth herein. The Releasing Parties further

       acknowledge and agree that no violation of this Agreement shall void the releases set forth in this Agreement.

5.    <u>Ratification of Post-Term Covenants</u>. Franchisee and Owners agree to remain bound by the confidentiality, non-competition and other restrictions contained in Appendix C of the Franchise Agreements.

6.    <u>Voluntary Nature of Agreement</u>. Franchisor, Franchisee and each Owner acknowledges and agrees that they have entered into this Agreement voluntarily and without any coercion. Franchisor, Franchisee and each Owner further represents that they have had the opportunity to consult with an attorney of their own choice, that they have read the terms of this Agreement, and they fully understand and voluntarily accept the terms.

7.    <u>Binding Effect</u>. This Agreement shall be binding upon, inure to the benefit of and be enforceable by Franchisee, Owners, Franchisor and their respective affiliates, successors and assigns.

8.    <u>Severability</u>. If any provision of this Agreement is declared void or unenforceable, the other provisions of this Agreement shall remain in full force and effect, unless the provisions must be deemed to be indissolubly connected to the void or unenforceable provision. If the other provisions remain valid, the parties shall endeavor to replace the void or unenforceable provision by a valid provision that reflects the parties' original intent to the greatest possible extent.

9.    <u>Governing Law</u>. This Agreement shall be governed by, and construed in accordance with, the law of the State of New Hampshire, without regard to principles of conflicts of law that would result in the laws of another state being applied. The parties agree that any legal proceeding relating to this Agreement or the enforcement of any provision of this Agreement shall be brought or otherwise commenced only in the State or Federal courts of the State of New Hampshire. The parties irrevocably submit to the jurisdiction of such courts and waive any objection they may have to either the jurisdiction of or venue in such courts.

10.    <u>Entire Agreement/Amendment</u>. This Agreement and the APA, and the respective ancillary documents thereto, contain the entire agreement of the parties with respect to the subject matter hereof and shall not be amended except by the signed written agreement of each of the parties.

11.    <u>Headings</u>. The headings of the Sections hereof are for convenience only and do not define, limit or construe the contents of such Sections.

12.    <u>Counterparts and Electronic Records</u>. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute but one and the same agreement. The execution of this Agreement and related agreements by electronic means shall be legally binding and enforceable as an "electronic signature" and the legal equivalent of a handwritten signature. All disclosures, agreements, amendments, notices, and all other evidence of transactions between the parties hereto may be maintained in electronic form.

*[Remainder of page intentionally left blank; signatures to follow]*

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

**FRANCHISOR:**

PLANET FITNESS INTERNATIONAL FRANCHISE

By: _____
Name: Justin Vartanian
Title: General Counsel & Secretary

**FRANCHISEE:**

JEG-MEXICO BUENO, SRL

By:_____
Name:
Title:

**OWNERS:**

JEG-PF MEXICO, LLC

By:_____
Name:
Title:

JEPF MEX HOLDINGS, LLC

By:_____
Name:
Title:

JEG-UNITED, LLC

By:_____
Name:
Title:

JEG-MEX, LLC

By:_____
Name:
Title:


JEG-FIT ARIZONA, LLC



By:_____
Name:
Title:


UNITED PF MEX, LLC


By:_____
Name:
Title:


UNITED PF PARTNERS, LLC



By:_____
Name:
Title:

TOM BOCK


By:_____
     Tom Bock, Individually


KEVIN KELLY


By:_____
     Kevin Kelly, Individually


JOHN WILLIAMS


By:_____
     John Williams, Individually

Termination and Mutual Release Agreement
Page 5 of 6

## SCHEDULE A

## FRANCHISE AGREEMENTS

|   | **Franchisee Entity** | **Location** | **Effective Date** |
|---|---|---|---|
| 1. | JEG-Mexico Bueno, S de RL de CV | 899-A Avenida Manuel J. Clouthier, Santa Catarina, Nuevo León 66120 Mexico | 03/05/2019 |
| 2. | JEG-Mexico Bueno, S de RL de CV | Carretera Nacional 7877, La Estanzuela, Monterrey, Nuevo León 64988 Mexico | 03/05/2019 |
| 3. | JEG-Mexico Bueno, S de RL de CV | Plaza Arcadia Ave Eloy Cavazos #3301, Suite 21, Colonia Camino Real Guadalupe, Nuevo León 67170 Mexico | 03/05/2019 |
| 4. | JEG-Mexico Bueno, S de RL de CV | Ave Carlos Salinas de Gortari #801, Suite A114, Cd Apodaca, Nuevo León 66600 Mexico | 08/29/2019 |
| 5. | JEG-Mexico Bueno, S de RL de CV | Boulevard Nazario Ortiz Garza No. 2060, Saltillo, Coahuila Mexico C.P. 25279 | 10/14/2019 |