UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Planet Fitness International Franchise,

        Plaintiff

v.

JEG-United, LLC,

        Defendant

Case No. 1:20-cv-00693-LM

**THIRD-PARTY DEFENDANT RAY MIOLLA'S ANSWER
TO JEG-UNITED, LLC'S THIRD-PARTY CLAIMS**

Third-Party Defendant Ray Miolla (hereinafter referred to as "Mr. Miolla"), submits this Answer to JEG-United, LLC's Third-Party Claims and Statement of Affirmative Defenses. Any allegation not explicitly admitted herein is denied. In support thereof, Mr. Miolla responds to the numbered paragraphs in JEG-United's Counterclaims as follows:

**I.
Parties**

1. Admitted in part and denied in part. Admitted that JEG-United, LLC is a limited liability company formed under the laws of Delaware. Denied that JEG-United, LLC's members are JEG-PF Mexico, LLC and JEPF Mex, LLC.

2. Admitted.

3. Admitted.

**II.
Jurisdiction and Venue**

4. Admitted.

1

5. Admitted.

6. Admitted that personal jurisdiction exists over Third-Party Defendant Miolla. Denied that Mr. Miolla is a required party and admitted that his presence does not deprive the Court of jurisdiction.

7. Admitted.

### III.
### Facts

**A. JEG-Mex LLC creates a plan to develop Planet Fitness gyms throughout Mexico**

8. Admitted that JEG-United is a joint venture of two Planet Fitness franchise groups that have developed and operated Planet Fitness businesses. Mr. Miolla lacks information sufficient to admit or deny the second sentence of this paragraph of the Third Party Claims, so those allegations are denied. All other allegations are denied.

9. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied. Further, whatever JEG-Mex, LLC's initial aspirations, by no later than October 17, 2018, it was understood by JEG-Mex, LLC that the territory involved in the discussions surrounding the Potential ADA was limited to the portions of northern Mexico described in Exhibit "A" to the Agreement.

10. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph because they relate to a time before Mr. Miolla was employed by Planet Fitness, so the allegations are denied.

11. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph because they relate to a time before Mr. Miolla was employed by Planet Fitness, so the allegations are denied.

12. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph because they relate to a time before Mr. Miolla was employed by Planet Fitness, so the allegations are denied.

13. Mr. Miolla admits that JEG-Mex, LLC opened the first Planet Fitness location in Mexico on April 26, 2018 and that Planet Fitness's CEO and others attended the opening. The characterization of this club as "successful" is denied.

**B. JEG-United forms to pursue an area development agreement with Planet Fitness but Miolla pursues his own agenda to favor Carlos Ibarra**

14. Mr. Miolla admits that JEG-Mex, LLC opened a first location in Mexico and that JEG-Mex, LLC would later become JEG-United. Mr. Miolla admits that the parties subsequently attempted to negotiate an ADA. All other allegations are denied. Answering further, Planet Fitness and Mr. Miolla communicated several times to JEG-Mex, LLC (and later to JEG-United) that Planet Fitness: (i) would not grant either of the entities franchise rights outside of northern Mexico; and (ii) was going to identify another franchisee to develop clubs in central and southern Mexico, as is apparent from the territory described in Exhibit A to the Agreement.

15. Mr. Miolla admits that JEG-Mex, LLC joined with United PF Holdings, LLC and that joint venture resulted in the formation of JEG-United, but Mr. Miolla lacks information sufficient to admit or deny the timing, so those allegations are denied. Mr. Miolla admits the second sentence of this paragraph. All other allegations are denied.

16. Mr. Miolla admits that he communicated with Keven Kelly in July 2018 and that Mr. Miolla is the Chief Development Officer at Planet Fitness. All other allegations are denied.

17. Mr. Miolla admits that JEG-United presented a business (not development) plan to Planet Fitness in 2018. All other allegations are denied.

18. Mr. Miolla admits that JEG-United, at times, communicated a desire to finalize an ADA for all of Mexico. However, Planet Fitness and Mr. Miolla informed JEG-United on multiple occasions that Planet Fitness had no intention of affording franchise rights to JEG-United outside of northern Mexico. In fact, JEG-United confirmed its understanding of Planet Fitness's intention. The remaining allegations are denied.

19. Denied. Answering further, Planet Fitness executives and its board of directors decided to limit JEG-United to northern Mexico and to find another franchisee for central and southern Mexico. In any event, by no later than March 5, 2019 JEG-United understood and agreed that the Proposed Territory to be discussed in connection with a Proposed ADA would be northern Mexico.

20. Mr. Miolla denies the characterization that he "carved out" territory, but admits that he and Planet Fitness communicated clearly and frequently that it would not grant franchise rights to JEG-United outside of northern Mexico. Mr. Miolla admits that Carlos Ibarra and his group were identified as another possible franchisee for gyms in Mexico. Mr. Miolla admits that Mr. Ibarra did not have prior experience opening or operating Planet Fitness locations and that JEG-United had approximately five months of experience operating Planet Fitness locations in Mexico. Mr. Miolla admits that in the fall of 2018, Mr. Ibarra had not committed to develop Planet Fitness locations in Mexico, and Mr. Miolla states further that Planet Fitness had not committed to Mr. Ibarra, either. Mr. Miolla admits that JEG-United had by that point opened a Planet Fitness location in Mexico, but lacks information sufficient to admit or deny whether JEG-United developed operating standards without help or input from Planet Fitness or that Planet Fitness refused to provide such standards. Mr. Miolla lacks information sufficient to

admit or deny the last sentence of this paragraph, so those allegations are denied.  All other allegations are denied.

### C.  The parties enter the Agreement

21. Mr. Miolla denies that Planet Fitness failed or neglected to transmit any further written agreement for the development of gyms in northern Mexico in the weeks and months that followed.  Answering further, Mr. Miolla placed several phone calls and sent several emails to JEG-United in early October 2018.  Specifically, on or about October 17, 2018, Mr. Miolla sent a detailed proposal to JEG-United for an ADA covering markets in northern Mexico. Mr. Miolla admits that in the months that followed, the parties failed to come to terms on an ADA, and, instead, eventually entered into the Agreement, which speaks for itself and Mr. Miolla denies JEG-United's selective characterization of the Agreement.

22. To the extent JEG-United has accurately quoted a paragraph of the Agreement, the allegations are admitted.

23. Admitted.

24. To the extent JEG-United has accurately quoted a paragraph of the Agreement, the allegations are admitted.

25. To the extent JEG-United has accurately quoted a paragraph of the Agreement, the allegations are admitted.

26. The parties' agreement speaks for itself and Mr. Miolla denies JEG-United's characterization of the document.

27. The parties' agreement speaks for itself and Mr. Miolla denies JEG-United's characterization of the document.  To the extent JEG-United has accurately quoted a paragraph of the parties' signed agreement, the allegations are admitted.

### D. Planet Fitness breaches the Agreement

28.     Mr. Miolla admits that JEG-United at times expressed a desire for an ADA to grant development rights throughout Mexico.  However, JEG-United also expressed a reluctance to commit to develop locations throughout Mexico on a timeline consistent with Planet Fitness's development strategy in Mexico.  In any event, Mr. Miolla and Planet Fitness informed JEG-United many times that it would not grant to JEG-United franchise rights outside of northern Mexico, a message JEG-United confirmed it had received and understood.  All other allegations are denied.

29.     Mr. Miolla states that the parties' Agreement speaks for itself and denies JEG-United's characterization of it.

30.     Admitted, except for the characterization that Mr. Miolla "refused" to attend the meetings in Mexico in May 2019.

31.     Mr. Miolla admits that Ms. Annello was at the time the Director of Real Estate for Mexico and attended the meeting at the end of May 2019.  The second sentence of this paragraph is denied.  Mr. Miolla lacks information sufficient to admit or deny what JEG-United believed was the extent of Ms. Annello's authority.  All other allegations are denied.

32.     Denied.

33.     Mr. Miolla admits that JEG-United communicated proposed development schedules but denies all other allegations.

34.     Mr. Miolla denies the allegations of the first sentence of this paragraph.  To the extent the second sentence accurately quotes from the parties' Agreement, those allegations are admitted.  All other allegations are denied.

35.     Denied.

36. Denied.

37. Denied.

38. Denied.

39. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so they are denied.

40. Denied, except that Mr. Miolla admits there was a meeting of the parties in August 2017 and that David Escobar was one of the Planet Fitness employees who worked on the standards. All other allegations are denied.

**E. Planet Fitness interferes with relationships that would have helped JEG-United develop its territory**

41. Mr. Miolla denies the allegations of the first sentence of this paragraph. Mr. Miolla denies the allegation that there is a dearth of big box opportunities in Mexico. Mr. Miolla lacks information sufficient to admit or deny the remaining allegations stated in this paragraph, and therefore denies them.

42. Mr. Miolla admits that JEG-United entered into a lease. Mr. Miolla lacks information sufficient to admit or deny the remaining allegations stated in this paragraph, and therefore denies them.

43. Mr. Miolla lacks information sufficient to admit or deny the allegations stated in the first sentence of this paragraph, so those allegations are denied. Mr. Miolla admits that JEG-United communicated to Planet Fitness that it was having discussions with representatives of Soriana. All other allegations are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**F. JEG-United reaches a deal to sell its clubs to Ibarra but Planet Fitness and Miolla once again interfere with JEG-United's business so that they can steer the territory and clubs to Ibarra at a discounted price**

50. Mr. Miolla admits there was at least one meeting between Mr. Ibarra and JEG-United, which JEG-United requested.  All other allegations are denied.

51. Mr. Miolla admits that JEG-United and Ibarra communicated.  Planet Fitness lacks information sufficient to admit or deny the remaining allegations stated in this paragraph, and therefore denies them.

52. Mr. Miolla lacks information sufficient to admit or deny what Mr. Ibarra communicated during the meeting with JEG-United regarding his relationship with Soriana, so those allegations are denied.  All remaining allegations are denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**G. JEG-United exercises the Put Option and Planet Fitness files a baseless suit because it was not prepared to close**

57. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied.

58. Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied.

59.     Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied.

60.     Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied.

61.     Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied.

62.     Mr. Miolla lacks information sufficient to admit or deny the allegations of this paragraph, so those allegations are denied.

## COUNT I (BREACH OF CONRACT)
### JEG-United v. Planet Fitness

63.     Mr. Miolla incorporates by reference the allegations of the other paragraphs of this Answer to Third Party Claims as it set forth fully herein.

64.     This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

65.     This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

66.     This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

67.     This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

68.     This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

69.     This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

70. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

71. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

72. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

73. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

74. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

### COUNT II (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH PERFORMANCE AND FAIR DEALING)
### JEG-United v. Planet Fitness

75. Mr. Miolla incorporates by reference the allegations of the other paragraphs of this Answer to Third Party Claims as it set forth fully herein.

76. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

77. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

78. This paragraph is not directed at Mr. Miolla, so no response is required. To the extent a response is required, Mr. Miolla denies the allegations.

### COUNT III (TORTIOUS INTERFERENCE WITH CONTRACTUAL AND PROSPECTIVE BUSINESS RELATIONSHIPS)
### JEG-United v. Planet Fitness and Raymond Miolla

79. Mr. Miolla incorporates by reference the allegations of the other paragraphs of this Answer to Third Party Claims as it set forth fully herein.

80. Mr. Miolla lacks information sufficient to admit or deny the allegations of the in this paragraph, so these allegations are denied.

81. Mr. Miolla admits that he was aware of the one lease relationship between Soriana and JEG-United and that JEG-United had some discussions with Soriana regarding other possible lease locations. The remaining allegations are denied.

82. Mr. Miolla admits that he was aware of the one lease relationship between Soriana and JEG-United and that JEG-United had some discussions with Soriana regarding other possible lease locations. The remaining allegations are denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

### COUNT IV (VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT)
### JEG-United v. Planet Fitness and Raymond Miolla

91. Mr. Miolla incorporates by reference the allegations of the other paragraphs of this Answer to Third Party Claims as it set forth fully herein.

92. Denied.

93. Denied.

94. Denied.

95. Mr. Miolla admits a meeting was held between Mr. Ibarra and JEG-United. All other allegations are denied.

96. Denied.

97. Denied.

## COUNT V.  REQUEST FOR RELIEF

98. No response is required to Defendant's Request for Relief, but to the extent it is, Mr. Miolla denies that Defendant is entitled to any of the relief requested.

## STATEMENT OF AFFIRMATIVE DEFENSES

A. Mr. Miolla denies the allegations set forth in the Third Party Claims and puts Defendant to its proof for each element of each claim.

B. Defendant has failed to state a claim upon which relief can be granted.

C. Defendant's claims are barred by their admissions in the Agreement and Extension, as well as their admissions in Defendant's Counterclaim and Third Party Claims.

D. Defendant has failed to mitigate its damages, if any.

E. Defendant's Third Party Claims are barred by the doctrine of unclean hands.

F. Defendant's claims are barred by laches.

G. Defendant is estopped from any recovery because of its own acts or omissions.

H. Defendant's Third Party Claims are barred by the releases it has previously signed and the release it will sign in connection with the sale of the five gyms to Planet Fitness.

I. Defendant waived the claims asserted in its Third Party Claims.

J. Mr. Miolla's actions were justified.

K.     Mr. Miolla cannot tortiously interfere in transactions in which his employer is a party or in which he or it has a valid interest.

L.     Mr. Miolla cannot be liable for tortious interference because his employer is the source of the business opportunities alleged in Defendant's Third Party Claims.

M.     Mr. Miolla was privileged to act as he did to protect his employer's economic interests and in accordance with his best business judgment.

N.     Mr. Miolla's actions and decisions were all within the scope of his employment and duties and are protected by the business judgment rule.

O.     Without taking on the burden of proof Defendant must carry, Defendant could not have formed actual business relationships or prospective business relationships involving rights it did not possess.

P.     There was no meeting of the minds as to an ADA or subsequent franchise agreement, so there is no enforceable agreement on which the remedy sought by JEG-United could be fashioned.  In fact, to the contrary, the Agreement expressly acknowledges that the Summary of Proposed Terms for the Potential ADA was non-binding.

Q.     The purported agreement on which JEG-United bases its claims lacks definiteness.

R.     Defendant's damage claims are limited to the sole express remedy provided by the Agreement for their failure to execute an ADA—the sale of its clubs pursuant to the Put Option.

S.     Defendant's claim for lost profits fails as wholly speculative and impermissibly dependent upon non-binding terms within the Agreement.

T.     Defendant's damages, if any, are limited to reliance damages arising subsequent to the date of the Agreement and the most recent release signed by JEG-United.

Mr. Miolla reserves the right to amend this Statement of Affirmative Defenses to make additional affirmative defenses as they become available in the course of discovery.

Respectfully submitted,

Ray Miolla

By His Attorneys,

**SHEEHAN PHINNEY BASS & GREEN, PA**

Dated: July 31, 2020    By: */s/ Patrick J. Queenan*
Patrick J. Queenan, Esq. (#20127)
James P. Harris, Esq (#15336)
1000 Elm Street, 17th Floor
Manchester, NH 03110
(603) 668-0300
pqueenan@sheehan.com
jharris@sheehan.com

-and-

GENOVESE, JOBLOVE & BATTISTA, PA
Michael D. Joblove (FL #354147)
Brett Halsey (FL #0013141)
100 S.E. Second Street, 44th Floor
Miami, FL 33131
(305) 349-2312
mjoblove@gjb-law.com
bhalsey@gjb-law.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on all counsel of record by filing same using the Court's ECF system.

Dated: July 31, 2020                          */s/ Patrick J. Queenan*
                                                 Patrick J. Queenan (#20127)