UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Planet Fitness International Franchise,

        Plaintiff

v.

JEG-United, LLC,

        Defendant

v.

Raymond Miolla,

        Third-Party Defendant.

Case No. 1:20-cv-00693-LM

**DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE**:  August 18, 2020 (telephonic)

**COUNSEL PRESENT/REPRESENTING**:

Planet Fitness International Franchise (Plaintiff or Planet Fitness) and Raymond Miolla (Third-Party Defendant or Mr. Miolla): Patrick J. Queenan, James P. Harris, Michael Joblove and Brett Halsey

JEG-United, LLC (Defendant or JEG-United): Bryan D. Harrison and James H. Steigerwald.

**CASE SUMMARY**

**PLAINTIFF'S THEORY OF LIABILITY**:

The Plaintiff, Planet Fitness International Franchise ("Planet Fitness"), entered into a contract with the Defendant, JEG-United, LLC ("Defendant JEG-United"), entitled a Side Letter Agreement (the "Agreement") related to the discussions involving the potential development of

fitness clubs in certain geographical areas within Mexico. Defendant JEG-United had received the right to develop five fitness clubs in Mexico—four are operational notwithstanding disruption from COVID-19 and one is under construction (the "Mexico Businesses"). The Agreement afforded Defendant JEG-United with temporary exclusivity to operate within a certain specific and finite geographical location with the non-binding opportunity to explore future development of additional fitness clubs and permanent exclusivity through a potential Area Development Agreement. In the event the parties failed by mutual agreement to enter an Area Development Agreement, the Agreement provided Defendant JEG-United with a Put Option by which it could sell to Planet Fitness the five fitness clubs at book value, which was to be calculated using an objective and straight-forward valuation process: the shareholder's equity of such businesses as of the date of determination, computed in accordance with generally accepted accounting principles ("GAAP"), less any goodwill and other intangible assets. Defendant JEG-United invoked the Put Option, but refused to close on the sale on two grounds: (1) Defendant JEG-United disagreed with the book value calculation; and (2) Defendant JEG-United refused to include a release of claims as part of the transaction.

Planet Fitness seeks from the Court a declaration that $12,209,629 is the book value for the Mexico Businesses in an asset sale and specific performance of the Agreement resulting in the sale of the Mexico Businesses for that amount, with Defendant JEG-United signing sale documents containing a release of claims, consistent with the parties' course of conduct in their previous transactions with Planet Fitness and consistent with Planet Fitness' standard business practices and requirements.

**DEFENDANT'S THEORY OF DEFENSE**:

JEG-United properly exercised the Put Option which required Planet Fitness to purchase the Mexico Business at book value. JEG-United was ready, willing and able to sell the Mexico Business.  But Planet Fitness insisted on paying a value lower than the book value that Planet Fitness itself calculated and Planet Fitness insisted on a release of claims.  These additional terms contradicted terms of the contract and were never agreed to.  JEG-United has now been forced to continue to operate the businesses at its expense.  Thus, any buy out now must take place at a significantly higher value.

**DEFENDANT'S THEORY OF LIABILITY FOR ITS COUNTERCLAIMS AND THIRD-PARTY CLAIMS**:

Planet Fitness was contractually required to negotiate in good faith towards an Area Development Agreement and failed to do so. Planet Fitness was contractually required to use reasonable efforts to develop operational standards for Planet Fitness clubs in Mexico that JEG-United would operate as a franchisee but failed to do so. Planet Fitness and Mr. Miolla interfered with JEG-United's contractual and prospective relationships by causing third-parties to break existing agreements with Defendant and by preventing future agreements between JEG-United and these third parties.  This interference included preventing the sale of JEG-United's business to Carlos Ibarra for a significant amount more than the alleged put-option price.  Planet Fitness and Mr. Miolla's actions breached the parties' agreement and were tortious, unfair or deceptive and intentional or willful, in violation of New Hampshire's Consumer Protection Act.

**PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S THEORY OF DEFENSE TO COUNTERCLAIMS AND THIRD-PARTY CLAIMS:**

Defendant JEG-United's Counterclaim is dependent upon a provision of the Agreement obligating the parties only to *continue* what had been their on-going *good faith* negotiations, recognizing that there remained only the *potential* for an Area Development Agreement and recognizing that even the Summary of Proposed Terms which would surround their negotiations was *Non-Binding*.  The agreement to *continue* these negotiations was originally limited to the period March 5, 2019 through December 31, 2019, but was extended through June 30, 2020, in January 2020, in recognition of the continuing potential for an Area Development Agreement.  It was Defendant JEG-United who terminated negotiations when it exercised the Put Option on March 19, 2020.  Defendant JEG-United (and its predecessor) expressed a refusal to commit to the development schedule Planet Fitness requested.

Defendant JEG-United's Counterclaim impermissibly seeks to enforce non-binding terms of the Agreement, and is barred to the degree it depends upon actions taken prior to December 26, 2019, based upon a general release provided to Planet Fitness on that date.   Defendant simply has no legal basis for its complaint that Planet Fitness failed to negotiate on an Area Development Agreement for all of Mexico.  By the time of the Agreement, the parties had limited Defendant's potential territory to northern Mexico, as evident by Exhibit A to the Agreement.  Planet Fitness had legitimate business reasons to have more than one franchisee in Mexico, reasons it articulated to Defendant JEG-United several times.  As a result, Defendant JEG-United never secured any contractual rights outside of the five clubs it developed in northern Mexico and it had no reasonable expectation to develop clubs outside of northern Mexico.

Moreover, Defendant JEG-United's asserted claims for interference with business relations fail because: (i) Planet Fitness is a party to those relations, and therefore there was no third party interference; (ii) Planet Fitness is the source of the opportunities; and (iii) Planet Fitness' actions taken to protect its economic interests were privileged.  Defendant JEG-United's claims are therefore infirm as a matter of law.  In any event, the facts will show that Carlos Ibarra independently decided that he did not want to enter into any deal with Defendant JEG-United on his own, and also that Planet Fitness did not interfere with Defendant JEG-United's purported relationship with Soriana.  As a matter of law, Defendant JEG-United had no rights to negotiate an acquisition and conversion of the California Fitness chain of fitness clubs (with whom Plaintiff was in active trademark litigation) to the Planet Fitness brand. The same defenses bar the Third-Party claim against Planet Fitness's Chief Development Officer, Ray Miolla.

Defendant JEG-United complains that Planet Fitness failed to support the development of clubs in Mexico, but these allegations are false, as Planet Fitness devoted significant resources to maximize the chances of success of the Mexico Businesses.

**PLAINTIFF'S DAMAGES:**  After specific performance, Plaintiff seeks its attorneys' fees, costs, and interest.

**DEFENDANT'S DAMAGES:** JEG-United seeks damages in excess of $100 million, including treble damages, attorneys' fees, costs, and interest.

**DEFENDANT'S DEMAND:** Due by February 1, 2021.

**PLAINTIFF'S/THIRD-PARTY DEFENDANT'S OFFER:** Due by March 1, 2021.

**JURISDICTIONAL QUESTIONS:** None anticipated.

**PLAINTIFF'S QUESTIONS OF LAW:** (1) Those listed in the Declaratory Judgment claim; and (2) whether Defendant JEG-United can maintain claims for tortious interference where Planet Fitness is a party to and is the source of the opportunities.

**DEFENDANT'S QUESTIONS OF LAW:**  (1) Can a party to a put option unilaterally insist on a release where none was provided for in the agreement; (2) is an agreement enforceable when the parties do not agree on material terms; (3) can a party insist on stock purchase after agreeing to an asset purchase.

**TYPE OF TRIAL:** JEG-United requests a trial by jury.  Planet Fitness and/or Mr. Miolla will seek to strike the jury demand pursuant to waivers of jury trials signed by JEG-United.

## SCHEDULE

**TRACK ASSIGNMENT**: Standard – 12 months

**TRIAL DATE:** 10/19 to 11/2/2021.

**DEFENDANT'S DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** 2/1/2021

**PLAINTIFF'S/THIRD-PARTY-DEFENDANT'S DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** 1/2/2021

**AMENDMENT OF PLEADINGS**:

    Plaintiff: By 1/2/2021                        Defendant: By 2/1/2021

**JOINDER OF ADDITIONAL PARTIES**:

    Plaintiff: By 1/2/2021            Defendant: By 2/1/2021

**THIRD-PARTY ACTIONS**: By 1/2/2021

**MOTIONS TO DISMISS**: Not applicable as all parties have answered the Complaint, Counterclaims, and Third-Party Claims.

**DATES OF DISCLOSURES OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

    Plaintiff: 6/1/2021            Defendant: 7/1/2021

    **Supplementations under Rule 26(e) due**: 7/15/2021

**COMPLETION OF DISCOVERY**: 7/1/2021

**MOTIONS FOR SUMMARY JUDGMENT**: 6/21/2021

**CHALLENGES TO EXPERT TESTIMONY**: 7/15/2021

## DISCOVERY

**DISCOVERY NEEDED**:

Planet Fitness/Mr. Miolla anticipate taking discovery from JEG-United in the following areas: (1) the financial performance of the five clubs in Mexico developed by Defendant JEG-United for purposes of establishing their book value; (2) the parties' negotiations toward the development of clubs in northern Mexico; (3) the substantiation of Defendant JEG-United's counterclaims and third-party claims; (4) Defendant JEG-United's dealings with Carlos Ibarra, Soriana, Alles Group, and other entities in Mexico regarding the development of clubs in Mexico; and (5) other matters relating to the claims asserted in Plaintiff's Amended Complaint and Defendant JEG-United's Counterclaims and Third-Party Claims.

JEG-United anticipates taking discovery from Planet Fitness and/or Mr. Miolla in the following areas: (1) Planet Fitness's and Mr. Miolla's communications and dealings with Carlos

Ibarra and Soriana; (2) Planet Fitness's development of Standards for the Mexico Business; (3) Planet Fitness's internal documents concerning the Mexico Business and the expected Area Development Agreement; (4) Planet Fitness's calculation of book value and the basis thereof; (5) other matters relating to the claims asserted in the Amended Complaint and Counterclaims.

The parties also anticipate seeking discovery from third parties such as Soriana, the Alles Group, and the Ibarra Group, all of which are located in Mexico. The parties will cooperate to file a joint or assented-to motion for a letter rogatory to any foreign person on an expedited basis.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** The parties have not stipulated to a different method of disclosure than that require Fed. R. Civ. P. 26(a)(1).

**INTERROGATORIES:** The parties agree to a maximum number of 25 interrogatories combined from Plaintiff and Third-Party Defendant and 25 interrogatories from Defendant to Plaintiff and Third-Party Defendant jointly.

**REQUESTS FOR ADMISSION**: The parties have agreed that Planet Fitness/Mr. Miolla (combined) will be permitted to propound a maximum of 25 requests for admission and JEG-United will be permitted to propound 25 requests for admission upon Planet Fitness/Mr. Miolla (combined).  The parties agree, however, that requests for admission aimed solely at the authenticity of documents will not count against these maximums.

**DEPOSITIONS:**  A maximum number of 10 depositions by Planet Fitness/Mr. Miolla (combined) and a maximum number of 10 depositions by JEG-United.  Each deposition limited

to a maximum of 7 hours unless extended by agreement of the parties.  The parties may seek leave to increase these limits if good cause exists to support such a request.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The parties do anticipate the production of ESI.  The parties have already engaged steps to preserve ESI that might be relevant to this matter.  At this time, the parties do not anticipate significant production of uncommon electronic file types with the exception of WhatsApp messages; most of the anticipated production will consist of emails, attachments, Word files, and Excel files.  The parties' collection efforts will center on email systems and servers containing electronic files such as Word documents and Excel files. For WhatsApp messages, the parties' collection efforts will center on the personal and/or business smartphones for identified custodians.

The parties recognize that choosing search terms to be run on another's systems in a vacuum can lead to less than satisfactory results.  Therefore, rather than commit to search terms to be run on each other systems at this juncture, the parties agree to an exchange of information concerning the collection and review *methods* (in a way that does not divulge work product) each employs to respond to discovery, if questions are raised as to the adequacy of a party's collection and production.  Upon request, the parties will inform each other, for example, of the names of custodians from which data is collected, any date limitations employed during collection, search terms chosen by each party to run on their own systems, analytical tools utilized, and other similar methodologies used to collect and produce responsive information.  The parties believe that the sharing of such information concerning the methods deployed will reduce the chances of discovery disputes, increase the chances of resolving discovery disputes

without formal motion practice, and aid the Court in deciding any discovery disputes the parties cannot resolve on their own.

As to the format in which ESI will be produced, the parties agree as follows:

a. For all electronic file formats, with the exception of CAD files, video files, sound files, spreadsheet documents, and other files that do not lend themselves to image creation, as well as database type programs which are addressed in paragraph (iv) below, the following protocol will apply:

   i. All word processing documents, presentation documents, email documents, and other documents for which images can be created, should be produced electronically in image format with associated metadata preserved and provided as described in the paragraphs below.

   ii. For imaged files, each document should imaged as single page black and white tiff files and should be endorsed with a unique sequential bates identifier in the bottom right corner of the document image.

   iii. Apply unitization practices whenever it is reasonably possible to do so. Any "child" document that belongs with a "parent" document should be produced directly subsequent to the "parent" document and Bates-numbered sequentially. Documents that contain fixed notes should be reproduced both with and without the fixed notes.

   iv. For database programs that do not generate native documents, generate queries or reports in the format most usable by the requesting party provided the capabilities of such database type programs allow for that

production format. These reports will be produced in the format the report was generated (pdf, etc.) as well as in single page tiff format as provided in paragraph (ii) above.

v. For WhatsApp, Slack, Facebook Messenger, and other related messaging services, produce .JSON or text files whenever possible. If the .JSON file is unavailable, produce the files in the format in which they are kept (i.e. .pdf, .jpg) and produce those files in accordance with paragraphs (i)-(iii), above.

vi. For all other ESI, including all documents for which images cannot be created (CAD files, video files, sound files, photographs, text messages, Microsoft Excel files, etc.), produce native files whenever possible. In such instances, a placeholder sheet image shall be included with text that states "This Document Only Produced Natively". Keep as much of the metadata intact as is reasonably possible and produce the metadata as described in paragraph (vi) below. For native files, the file should be re-named with its corresponding sequential bates number.

vii. Reflecting each file produced, provide a delimited data file containing metadata for each document. Such that it exists, the metadata included will include values for: Email To, Email From, Email CC, Email Bcc, Email Subject, Date Sent, Date Received, Author, Title, Created by, Date created, Date modified, Filename, Beginning Bates, Ending Bates, Parent Document ID (Bates number), Extracted text location (within the transmitted production files), and MD5 Hash.

      viii. Additionally, provide a load file for the accompanying images (OPT format) and provide the extracted text of each document as referenced in vi. above

  b. Existing paper documents, should be scanned and produced as searchable multi-page PDF files or, alternatively, as TIFF images with accompanying Optical Character Recognition (OCR) text files.

The parties do not believe that phasing of ESI discovery is required, but have agreed to rolling productions at reasonable intervals.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The Parties are conferring on a proposed order.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES**: Cannot be evaluated until 6/1/2021.

**JOINT STATEMENT RE: MEDIATION**: The parties will notify the Court by 5/1/2021 whether mediation will occur and, if so, when.

**TRIAL ESTIMATE**: 2 weeks.

**WITNESSES AND EXHIBITS**: Per the Court's Rules, witness and exhibit lists, included in final pretrial statements, will be due 10 days before the final pretrial conference.

**PRELIMINARY PRETRIAL CONFERENCE**: The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS**:  Planet Fitness/Mr. Miolla may file at an early stage in these proceedings a motion for partial summary judgment as to JEG-United's counterclaims to the extent they are affected by releases already signed by JEG-United and/or its principals.  Planet Fitness/Mr.

Miolla may also file at an early stage a motion for judgment on the pleadings as to JEG-United's counterclaim and third-party claim for tortious interference.

                                  Respectfully submitted,

                                  Planet Fitness International Franchise and Raymond Miolla

                                  By Their Attorneys,

                                  SHEEHAN PHINNEY BASS & GREEN, PA

Dated: August 28, 2020        By: */s/ Patrick J. Queenan*
                                  Patrick J. Queenan, Esq. (#20127)
                                  James P. Harris, Esq (#15336)
                                  1000 Elm Street, 17th Floor
                                  Manchester, NH 03110
                                  (603) 668-0300
                                  pqueenan@sheehan.com
                                  jharris@sheehan.com

                                  -and-

                                  GENOVESE, JOBLOVE & BATTISTA, PA
                                  Michael D. Joblove (FL #354147) (*pro hac vice*)
                                  Brett Halsey (FL #0013141) (*pro hac vice*)
                                  100 S.E. Second Street, 44th Floor
                                  Miami, FL 33131
                                  (305) 349-2312
                                  mjoblove@gjb-law.com
                                  bhalsey@gjb-law.com

                                  COUNSEL FOR PLAINTIFF AND THIRD-PARTY DEFENDANT

                                  JEG-United, LLC,

                                  By Its Attorneys,

                                  Duane Morris LLP

Dated: August 28, 2020        By: */s/ James H. Steigerwald*

                                  James H. Steigerwald (*pro hac vice*)
                                  30 South 17th Street

Philadelphia, PA 19103
215-979-1145
jhsteigerwald@duanemorris.com

Bryan Harrison (269106)
100 High Street, Ste 2400
Boston, MA 02110
857-488-4283
bharrison@duanemorris.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record by virtue of the court's ECF filing system.

Dated: August 28, 2020          */s/ Patrick J. Queenan*
                                Patrick J. Queenan (#20127)