**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Planet Fitness International Franchise

    v.                              Case No. 20-cv-693-LM

JEG-United, LLC

**O R D E R**

On August 28, 2020, the parties submitted a proposed discovery plan. Doc. no. 22. The discovery plan is approved with the following changes:

| Scheduling Designation | Deadline[1] |
|---|---|
| **Trial** | Two-week period beginning October 19, 2021 |
| **Disclosure of Claims Against Unnamed Parties** | Plaintiff: January 4, 2021 |
| **Amendment of Pleadings** | Plaintiff: January 4, 2021 |
| **Joinder of Additional Parties (all parties)**[2] | March 3, 2021 |
| **Third-Party Actions** | January 4, 2021 |
| **Completion of Discovery** | July 15, 2021 |
| **Challenges to Expert Testimony** | July 29, 2021 |
| **Mandatory Disclosures** | October 1, 2020 |
| **Joint Statement Re: Mediation** | April 30, 2021 |

---

[1] For purposes of the proposed discovery plan and this order, all of plaintiff Planet Fitness's deadlines also apply to third-party defendant Raymond Miolla.

[2] The joinder deadline must fall at least 30 days after the deadline for DeBenedetto disclosures.

**Claims of privilege/protection of trial preparation materials.** If a party withholds information based on a claim of privilege, the party must "expressly make the claim" and describe the information not disclosed in a manner that allows "other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

In the event a party or non-party inadvertently produces or discloses documents or information protected by the attorney-client privilege, work-product doctrine, or any other privilege recognized by law, the party or non-party that inadvertently produced or disclosed the privileged information will promptly notify the party or parties to whom it was disclosed. Upon receiving such notification, the receiving party shall, within seven (7) days: (1) return the inadvertently produced information and any copies thereof; (2) destroy any remaining copies of such information; (3) not use or disclose such information further; and (4) take reasonable steps to retrieve the information if the party disclosed it before being notified. The inadvertent production of such material will not be deemed to waive any privileges. Nothing herein will prevent any party from arguing that the material was never privileged or otherwise immune from disclosure, or that such privilege or immunity has otherwise been waived. See Fed. R. Civ. P. 26(b)(5)(B).

**Completion of discovery.** The parties are advised that the

court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed – not a deadline by which discovery is to be served.  Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline.  Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

**Discovery disputes**.  Should discovery disputes arise in this case, prior to filing a motion to compel, the parties may request an informal conference.  The party or counsel seeking discovery-related relief should confer with opposing counsel, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court.  The court will inform the parties and counsel what written materials, if any, will be permitted in advance of the conference.  To the extent this informal process does not resolve the discovery dispute, the parties may file an appropriate motion.

**Status Conference**.  The parties shall file a joint statement on the status of discovery no later than 60 days prior to the close of discovery deadline.  The parties should indicate in that report whether they request a discovery status conference before the court.  If the parties request a conference, or if the court otherwise deems one necessary, then

3

the Clerk's Office shall schedule a conference as soon as is practicable.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 4, 2020

cc: Michael D. Joblove, Esq.
    James P. Harris, Esq.
    Patrick J. Queenan, Esq.
    James Howard Steigerwald, Esq.
    Bryan Harrison, Esq.