UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Planet Fitness International Franchise,<br><br>Plaintiff,<br><br>v.<br><br>JEG-United, LLC<br><br>Defendant. | Case No. 1:20-cv-00693-LM<br><br>**PLAINTIFF PLANET FITNESS' MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY FROM NON-PARTY ARGONNE CAPITAL GROUP, LLC PURSUANT TO RULE 26(c)(1)** |

Plaintiff, Planet Fitness International Franchise, ("Planet Fitness"), pursuant to Fed. R. Civ. P. 26(b), 26(c)(1) and D.N.H. L.R. 7.1, moves for entry of a protective order to limit discovery requested by Defendant JEG-United, LLC's ("JEG-United") pursuant to its December 3, 2020 Subpoena to Produce Documents directed to Argonne Capital Group, LLC ("Argonne") (the "Argonne Subpoena"). As set forth herein and in the Memorandum of Law in Support of this Motion, JEG-United's subpoena seeks irrelevant documents post-dating the facts and claims at issue, and improperly and directly seeks production of Planet Fitness' highly sensitive and confidential commercial information, the disclosure of which would cause it significant harm. In support thereof, Planet Fitness states as follows:

1. JEG-United's counterclaims are based on Planet Fitness' alleged failure to negotiate an Area Development Agreement in good faith, and alleged interference with JEG-United's purported business relationships. As pled, the alleged acts on which those counterclaims

are based all occurred on or before March 19, 2020 when JEG-United terminated negotiations and then exercised its Put Option.

2.     The Argonne Subpoena seeks to discover communications among Argonne, Planet Fitness, Planet Fitness Chief Development Officer Ray Miolla and others concerning the development of Planet Fitness® clubs in Mexico, specifically including those stemming from Argonne's alleged visit to Planet Fitness® clubs in Mexico on October 7, 2020–seven months after JEG-United terminated negotiations. These documents are irrelevant to the claims in this case, as they have no bearing on JEG-United's own decision months earlier to terminate negotiations to develop a much smaller territory.

3.     JEG-United further seeks documents provided to Argonne by Planet Fitness, including "marketing materials, development plans, strategic plans, or similar documents" concerning the future development of Planet Fitness® clubs in Mexico. As verified by Planet Fitness' Chief Development Officer Ray Miolla, after negotiations ended between JEG-United and Planet Fitness, Planet Fitness did provide Argonne with documents containing a roadmap for the timing and location of Planet Fitness' international expansion, forecasts for international development, financial forecasts for Planet Fitness' performance in Mexico, and confidential information regarding royalty rates and other negotiated business terms. Disclosure of this confidential, sensitive business information would be very harmful if revealed to Planet Fitness' competitors or other franchisors, as it could hamper negotiations with potential new partners worldwide and significantly dilute its negotiating leverage.

4.     JEG-United's Argonne Subpoena, which seeks irrelevant, highly sensitive commercial information related to Planet Fitness' future development plans in Mexico, serves

only to annoy and harass Planet Fitness and Argonne. For these reasons, the Court should enter a protective order to prevent the disclosure of this information.

5. A confidentiality agreement between the parties will not adequately protect Planet Fitness. The existence of a confidentiality agreement will not cure the fact that the discovery sought is irrelevant. Moreover, Planet Fitness has genuine concerns over its effectiveness, as JEG-United has disclosed and exchanged confidential information with other Planet Fitness® franchisees in the past.

## LOCAL RULE 7.1(C) CERTIFICATION

I hereby certify that, in accordance with D.N.H. L.R. 7.1(c), on December 16, 2020 I contacted counsel for JEG-United, LLC in a good faith attempt to secure its concurrence in this Motion. Unfortunately, the parties were not able to reach a resolution regarding the relief sought herein.

By: */s/ Brett M. Halsey*
Brett Halsey (FL #0013141)

Respectfully submitted,

Planet Fitness International Franchise

By its attorneys:

**SHEEHAN PHINNEY BASS & GREEN, PA**
James P. Harris, Esq (#15336)
1000 Elm Street, 17th Floor
Manchester, NH 03110
(603) 668-0300
jharris@sheehan.com

-and-

**GENOVESE, JOBLOVE & BATTISTA, PA**
Michael D. Joblove (FL #354147)
Brett Halsey (FL #0013141)

3

CASE NO.: 20786/RD

                                          100 S.E. Second Street, 44th Floor
                                          Miami, FL 33131
                                          (305) 349-2312
                                          mjoblove@gjb-law.com
                                          bhalsey@gjb-law.com

Dated: January 15, 2021            By:    */s/ Brett M. Halsey*
                                                               Brett Halsey (FL #0013141)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all counsel of record by filing same using the Court's ECF system.

Dated: January 15, 2021                    */s/ Brett M. Halsey*
                                                                Brett Halsey (FL #0013141)

12499-002/#419