# Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Planet Fitness International Franchise,

               Plaintiff

    v.

JEG-United, LLC,

               Defendant

    v.

Raymond Miolla,

               Third-Party Defendant.

**Case No. 1:20-cv-00693-LM**

## DEFENDANT, JEG-UNITED, LLC'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS DIRECTED TO ARGONNE CAPITAL GROUP, LLC

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant JEG-United, LLC, will serve a subpoena for documents upon third party, Argonne Capital Group, LLC. A true and correct copy of this subpoena and Schedule A are attached hereto.

The subpoena for documents requires Argonne Capital Group, LLC to produce documents and electronically stored materials, as identified in Schedule A to the subpoena copy attached, on December 18, 2020 at 10:00 a.m. at the offices of Duane Morris LLP, 100 High Street, Suite 2400, Boston, MA 02110, or at a mutually agreed upon time and location.

The production is pursuant to the subpoena to be issued by JEG-United, LLC's counsel in the above-captioned litigation.  You are invited to review and copy the production of documents

in accordance with the Federal Rules of Civil Procedure. You may also contact JEG-United, LLC's counsel to obtain copies of any documents produced.

Date: December 3, 2020

Respectfully submitted,

*/s/ James H. Steigerwald*
James H. Steigerwald (*pro hac vice*)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000
(215) 979-1020
jhsteigerwald@duanemorris.com

Bryan D. Harrison (269106)
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA  02110
(857) 488-4200 (phone)
(857) 488-4201 (fax)
bharrison@duanemorris.com

*Attorneys for JEG-United, LLC*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2020, a copy of Defendant, JEG-United, LLC's

Notice of Subpoena to Produce Documents Directed to Argonne Capital Group, LLC was served

upon the following counsel via electronic mail:

James P. Harris
Sheehan Phinney Bass & Green, PA
1000 Elm Street, 17th Floor
Manchester, NH 03110
(603) 668-0300
jharris@sheehan.com

Michael D. Joblove
Brett Halsey
100 S.E. Second Street, 44th Floor
Miami, FL 33131
(305) 349-2312
mjoblove@gjb-law.com
bhalsey@gjb-law.com

*Attorneys for Plaintiff Planet Fitness and
Third Party Defendant Ray Miolla*

/s/ Bryan Harrison<br>Bryan Harrison

3

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Hampshire

| | |
|---|---|
| Planet Fitness International Franchise | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:20-cv-00693-LM |
| JEG-United, LLC | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Argonne Capital Group LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Duane Morris LLP<br>100 High Street, Suite 2400<br>Boston, MA 02110 | Date and Time:<br><br>12/18/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       12/03/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Bryan Harrison |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   JEG-United, LLC
_____ , who issues or requests this subpoena, are:

James Steigerwald, Bryan Harrison, Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103, (215) 979-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-cv-00693-LM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____          on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| Planet Fitness International Franchise, | |
| Plaintiff | **Case No. 1:20-cv-00693-LM** |
| v. | |
| JEG-United, LLC, | |
| Defendant | |
| v. | |
| Raymond Miolla, | |
| Third-Party Defendant. | |

## <u>SCHEDULE A</u>

### <u>Definitions</u>

1.      "You" and "Your" means Argonne Capital Group LLC, as well as any parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

2.      "Ibarra" means Carlos Ibarra and/or his company, the Ibarra Group, as well as any parents, subsidiaries, divisions and affiliated companies, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

3.      "Planet Fitness" means Planet Fitness, Inc. as well as any parents, subsidiaries, divisions and affiliated companies, including Planet Fitness International Franchise, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of the foregoing.

4.      "Miolla" means the Third-Party Defendant, Raymond Miolla.

**Instructions**

1.      Unless otherwise instructed, the relevant time period for these requests is January 1, 2019 through the present.

2.      All electronically stored information ("ESI") must be collected and produced in a format consistent with the Discovery Plan entered into by the Parties to this case. A copy of the Discovery Plan is attached here for reference.

3.      The foregoing definitions and instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure or any other applicable rule, regulation or law.

**Requests**

1.      All communications between You and Ibarra concerning the operation, development, or ownership of one or more Planet Fitness clubs in Mexico, including, but not limited to, Your visit to JEG-United, LLC's Planet Fitness clubs in Mexico on or about October 7, 2020.

2.      All communications between You and Planet Fitness or Miolla concerning the operation, development, or ownership of one or more Planet Fitness clubs in Mexico, including, but not limited to, Your visit to JEG-United, LLC's Planet Fitness clubs in Mexico on or about October 7, 2020.

3.      All communications between You and Steve Kindler, Jr. concerning the operation, development, or ownership of one or more Planet Fitness clubs in Mexico, including, but not limited to, Your visit to JEG-United, LLC's Planet Fitness clubs in Mexico on or about October 7, 2020.

2

4.      All documents and communications concerning Your visit to JEG-United, LLC's Planet Fitness clubs in Mexico on or about October 7, 2020.

5.      All documents and communications concerning Your intent to open one or more Planet Fitness clubs in Mexico.

6.      All contracts you have entered into with Ibarra, Planet Fitness, or any other party concerning the operation, development, or ownership of one or more Planet Fitness clubs in Mexico.

7.      All marketing materials, development plans, strategic plans, or other similar documents created by You or provided to you by Planet Fitness or Ibarra related to your existing or future operation, development, or ownership of one or more Planet Fitness clubs in Mexico.

8.      All documents referencing or concerning JEG-United, Kevin Kelly, Tom Bock, John Williams, Ray "Trey" Owen, or Jeff Ezell.

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Planet Fitness International Franchise,

Plaintiff

v.

JEG-United, LLC,

Defendant

v.

Raymond Miolla,

Third-Party Defendant.

**Case No. 1:20-cv-00693-LM**

## DISCOVERY PLAN
## Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE**:          August 18, 2020 (telephonic)

**COUNSEL PRESENT/REPRESENTING**:

> Planet Fitness International Franchise (Plaintiff or Planet Fitness) and Raymond Miolla (Third-Party Defendant or Mr. Miolla): Patrick J. Queenan, James P. Harris, Michael Joblove and Brett Halsey
>
> JEG-United, LLC (Defendant or JEG-United): Bryan D. Harrison and James H. Steigerwald.

## CASE SUMMARY

**PLAINTIFF'S THEORY OF LIABILITY**:

The Plaintiff, Planet Fitness International Franchise ("Planet Fitness"), entered into a

contract with the Defendant, JEG-United, LLC ("Defendant JEG-United"), entitled a Side Letter

Agreement (the "Agreement") related to the discussions involving the potential development of

fitness clubs in certain geographical areas within Mexico. Defendant JEG-United had received the right to develop five fitness clubs in Mexico—four are operational notwithstanding disruption from COVID-19 and one is under construction (the "Mexico Businesses"). The Agreement afforded Defendant JEG-United with temporary exclusivity to operate within a certain specific and finite geographical location with the non-binding opportunity to explore future development of additional fitness clubs and permanent exclusivity through a potential Area Development Agreement. In the event the parties failed by mutual agreement to enter an Area Development Agreement, the Agreement provided Defendant JEG-United with a Put Option by which it could sell to Planet Fitness the five fitness clubs at book value, which was to be calculated using an objective and straight-forward valuation process: the shareholder's equity of such businesses as of the date of determination, computed in accordance with generally accepted accounting principles ("GAAP"), less any goodwill and other intangible assets. Defendant JEG-United invoked the Put Option, but refused to close on the sale on two grounds: (1) Defendant JEG-United disagreed with the book value calculation; and (2) Defendant JEG-United refused to include a release of claims as part of the transaction.

Planet Fitness seeks from the Court a declaration that $12,209,629 is the book value for the Mexico Businesses in an asset sale and specific performance of the Agreement resulting in the sale of the Mexico Businesses for that amount, with Defendant JEG-United signing sale documents containing a release of claims, consistent with the parties' course of conduct in their previous transactions with Planet Fitness and consistent with Planet Fitness' standard business practices and requirements.

**DEFENDANT'S THEORY OF DEFENSE**:

JEG-United properly exercised the Put Option which required Planet Fitness to purchase the Mexico Business at book value. JEG-United was ready, willing and able to sell the Mexico Business. But Planet Fitness insisted on paying a value lower than the book value that Planet Fitness itself calculated and Planet Fitness insisted on a release of claims. These additional terms contradicted terms of the contract and were never agreed to. JEG-United has now been forced to continue to operate the businesses at its expense. Thus, any buy out now must take place at a significantly higher value.

**DEFENDANT'S THEORY OF LIABILITY FOR ITS COUNTERCLAIMS AND THIRD-PARTY CLAIMS**:

Planet Fitness was contractually required to negotiate in good faith towards an Area Development Agreement and failed to do so. Planet Fitness was contractually required to use reasonable efforts to develop operational standards for Planet Fitness clubs in Mexico that JEG-United would operate as a franchisee but failed to do so. Planet Fitness and Mr. Miolla interfered with JEG-United's contractual and prospective relationships by causing third-parties to break existing agreements with Defendant and by preventing future agreements between JEG-United and these third parties. This interference included preventing the sale of JEG-United's business to Carlos Ibarra for a significant amount more than the alleged put-option price. Planet Fitness and Mr. Miolla's actions breached the parties' agreement and were tortious, unfair or deceptive and intentional or willful, in violation of New Hampshire's Consumer Protection Act.

**PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S THEORY OF DEFENSE TO COUNTERCLAIMS AND THIRD-PARTY CLAIMS:**

Defendant JEG-United's Counterclaim is dependent upon a provision of the Agreement obligating the parties only to *continue* what had been their on-going *good faith* negotiations, recognizing that there remained only the *potential* for an Area Development Agreement and recognizing that even the Summary of Proposed Terms which would surround their negotiations was *Non-Binding.* The agreement to *continue* these negotiations was originally limited to the period March 5, 2019 through December 31, 2019, but was extended through June 30, 2020, in January 2020, in recognition of the continuing potential for an Area Development Agreement. It was Defendant JEG-United who terminated negotiations when it exercised the Put Option on March 19, 2020. Defendant JEG-United (and its predecessor) expressed a refusal to commit to the development schedule Planet Fitness requested.

Defendant JEG-United's Counterclaim impermissibly seeks to enforce non-binding terms of the Agreement, and is barred to the degree it depends upon actions taken prior to December 26, 2019, based upon a general release provided to Planet Fitness on that date. Defendant simply has no legal basis for its complaint that Planet Fitness failed to negotiate on an Area Development Agreement for all of Mexico. By the time of the Agreement, the parties had limited Defendant's potential territory to northern Mexico, as evident by Exhibit A to the Agreement. Planet Fitness had legitimate business reasons to have more than one franchisee in Mexico, reasons it articulated to Defendant JEG-United several times. As a result, Defendant JEG-United never secured any contractual rights outside of the five clubs it developed in northern Mexico and it had no reasonable expectation to develop clubs outside of northern Mexico.

Moreover, Defendant JEG-United's asserted claims for interference with business relations fail because: (i) Planet Fitness is a party to those relations, and therefore there was no third party interference; (ii) Planet Fitness is the source of the opportunities; and (iii) Planet Fitness' actions taken to protect its economic interests were privileged. Defendant JEG-United's claims are therefore infirm as a matter of law. In any event, the facts will show that Carlos Ibarra independently decided that he did not want to enter into any deal with Defendant JEG-United on his own, and also that Planet Fitness did not interfere with Defendant JEG-United's purported relationship with Soriana. As a matter of law, Defendant JEG-United had no rights to negotiate an acquisition and conversion of the California Fitness chain of fitness clubs (with whom Plaintiff was in active trademark litigation) to the Planet Fitness brand. The same defenses bar the Third-Party claim against Planet Fitness's Chief Development Officer, Ray Miolla.

Defendant JEG-United complains that Planet Fitness failed to support the development of clubs in Mexico, but these allegations are false, as Planet Fitness devoted significant resources to maximize the chances of success of the Mexico Businesses.

**PLAINTIFF'S DAMAGES:** After specific performance, Plaintiff seeks its attorneys' fees, costs, and interest.

**DEFENDANT'S DAMAGES:** JEG-United seeks damages in excess of $100 million, including treble damages, attorneys' fees, costs, and interest.

**DEFENDANT'S DEMAND:** Due by February 1, 2021.

**PLAINTIFF'S/THIRD-PARTY DEFENDANT'S OFFER:** Due by March 1, 2021.

**JURISDICTIONAL QUESTIONS:** None anticipated.

**PLAINTIFF'S QUESTIONS OF LAW:** (1) Those listed in the Declaratory Judgment claim; and (2) whether Defendant JEG-United can maintain claims for tortious interference where Planet Fitness is a party to and is the source of the opportunities.

**DEFENDANT'S QUESTIONS OF LAW:** (1) Can a party to a put option unilaterally insist on a release where none was provided for in the agreement; (2) is an agreement enforceable when the parties do not agree on material terms; (3) can a party insist on stock purchase after agreeing to an asset purchase.

**TYPE OF TRIAL:** JEG-United requests a trial by jury. Planet Fitness and/or Mr. Miolla will seek to strike the jury demand pursuant to waivers of jury trials signed by JEG-United.

## <u>SCHEDULE</u>

**TRACK ASSIGNMENT**: Standard – 12 months

**TRIAL DATE:** 10/19 to 11/2/2021.

**DEFENDANT'S DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** 2/1/2021

**PLAINTIFF'S/THIRD-PARTY-DEFENDANT'S DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** 1/2/2021

**AMENDMENT OF PLEADINGS**:

    Plaintiff: By 1/2/2021               Defendant: By 2/1/2021

**JOINDER OF ADDITIONAL PARTIES**:

      Plaintiff: By 1/2/2021                       Defendant: By 2/1/2021

**THIRD-PARTY ACTIONS**: By 1/2/2021

**MOTIONS TO DISMISS**: Not applicable as all parties have answered the Complaint,

Counterclaims, and Third-Party Claims.

**DATES OF DISCLOSURES OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

      Plaintiff: 6/1/2021                        Defendant: 7/1/2021

      **Supplementations under Rule 26(e) due**: 7/15/2021

**COMPLETION OF DISCOVERY**: 7/1/2021

**MOTIONS FOR SUMMARY JUDGMENT**:  6/21/2021

**CHALLENGES TO EXPERT TESTIMONY**: 7/15/2021

## DISCOVERY

**DISCOVERY NEEDED**:

      Planet Fitness/Mr. Miolla anticipate taking discovery from JEG-United in the following

areas: (1) the financial performance of the five clubs in Mexico developed by Defendant JEG-

United for purposes of establishing their book value; (2) the parties' negotiations toward the

development of clubs in northern Mexico; (3) the substantiation of Defendant JEG-United's

counterclaims and third-party claims; (4) Defendant JEG-United's dealings with Carlos Ibarra,

Soriana, Alles Group, and other entities in Mexico regarding the development of clubs in

Mexico; and (5) other matters relating to the claims asserted in Plaintiff's Amended Complaint

and Defendant JEG-United's Counterclaims and Third-Party Claims.

      JEG-United anticipates taking discovery from Planet Fitness and/or Mr. Miolla in the

following areas: (1) Planet Fitness's and Mr. Miolla's communications and dealings with Carlos

Ibarra and Soriana; (2) Planet Fitness's development of Standards for the Mexico Business; (3) Planet Fitness's internal documents concerning the Mexico Business and the expected Area Development Agreement; (4) Planet Fitness's calculation of book value and the basis thereof; (5) other matters relating to the claims asserted in the Amended Complaint and Counterclaims.

The parties also anticipate seeking discovery from third parties such as Soriana, the Alles Group, and the Ibarra Group, all of which are located in Mexico. The parties will cooperate to file a joint or assented-to motion for a letter rogatory to any foreign person on an expedited basis.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** The parties have not stipulated to a different method of disclosure than that require Fed. R. Civ. P. 26(a)(1).

**INTERROGATORIES:** The parties agree to a maximum number of 25 interrogatories combined from Plaintiff and Third-Party Defendant and 25 interrogatories from Defendant to Plaintiff and Third-Party Defendant jointly.

**REQUESTS FOR ADMISSION**: The parties have agreed that Planet Fitness/Mr. Miolla (combined) will be permitted to propound a maximum of 25 requests for admission and JEG-United will be permitted to propound 25 requests for admission upon Planet Fitness/Mr. Miolla (combined). The parties agree, however, that requests for admission aimed solely at the authenticity of documents will not count against these maximums.

**DEPOSITIONS:** A maximum number of 10 depositions by Planet Fitness/Mr. Miolla (combined) and a maximum number of 10 depositions by JEG-United. Each deposition limited

to a maximum of 7 hours unless extended by agreement of the parties.  The parties may seek

leave to increase these limits if good cause exists to support such a request.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The parties do anticipate the production of ESI.  The parties have already engaged steps

to preserve ESI that might be relevant to this matter.  At this time, the parties do not anticipate

significant production of uncommon electronic file types with the exception of WhatsApp

messages; most of the anticipated production will consist of emails, attachments, Word files, and

Excel files.  The parties' collection efforts will center on email systems and servers containing

electronic files such as Word documents and Excel files. For WhatsApp messages, the parties'

collection efforts will center on the personal and/or business smartphones for identified

custodians.

The parties recognize that choosing search terms to be run on another's systems in a

vacuum can lead to less than satisfactory results.  Therefore, rather than commit to search terms

to be run on each other systems at this juncture, the parties agree to an exchange of information

concerning the collection and review ***methods*** (in a way that does not divulge work product)

each employs to respond to discovery, if questions are raised as to the adequacy of a party's

collection and production.  Upon request, the parties will inform each other, for example, of the

names of custodians from which data is collected, any date limitations employed during

collection, search terms chosen by each party to run on their own systems, analytical tools

utilized, and other similar methodologies used to collect and produce responsive information.

The parties believe that the sharing of such information concerning the methods deployed will

reduce the chances of discovery disputes, increase the chances of resolving discovery disputes

without formal motion practice, and aid the Court in deciding any discovery disputes the parties cannot resolve on their own.

As to the format in which ESI will be produced, the parties agree as follows:

a.  For all electronic file formats, with the exception of CAD files, video files, sound files, spreadsheet documents, and other files that do not lend themselves to image creation, as well as database type programs which are addressed in paragraph (iv) below, the following protocol will apply:

   i.  All word processing documents, presentation documents, email documents, and other documents for which images can be created, should be produced electronically in image format with associated metadata preserved and provided as described in the paragraphs below.

   ii.  For imaged files, each document should imaged as single page black and white tiff files and should be endorsed with a unique sequential bates identifier in the bottom right corner of the document image.

   iii.  Apply unitization practices whenever it is reasonably possible to do so. Any "child" document that belongs with a "parent" document should be produced directly subsequent to the "parent" document and Bates-numbered sequentially. Documents that contain fixed notes should be reproduced both with and without the fixed notes.

   iv.  For database programs that do not generate native documents, generate queries or reports in the format most usable by the requesting party provided the capabilities of such database type programs allow for that

production format. These reports will be produced in the format the report was generated (pdf, etc.) as well as in single page tiff format as provided in paragraph (ii) above.

v. For WhatsApp, Slack, Facebook Messenger, and other related messaging services, produce .JSON or text files whenever possible. If the .JSON file is unavailable, produce the files in the format in which they are kept (i.e. .pdf, .jpg) and produce those files in accordance with paragraphs (i)-(iii), above.

vi. For all other ESI, including all documents for which images cannot be created (CAD files, video files, sound files, photographs, text messages, Microsoft Excel files, etc.), produce native files whenever possible. In such instances, a placeholder sheet image shall be included with text that states "This Document Only Produced Natively". Keep as much of the metadata intact as is reasonably possible and produce the metadata as described in paragraph (vi) below. For native files, the file should be re-named with its corresponding sequential bates number.

vii. Reflecting each file produced, provide a delimited data file containing metadata for each document. Such that it exists, the metadata included will include values for: Email To, Email From, Email CC, Email Bcc, Email Subject, Date Sent, Date Received, Author, Title, Created by, Date created, Date modified, Filename, Beginning Bates, Ending Bates, Parent Document ID (Bates number), Extracted text location (within the transmitted production files), and MD5 Hash.

viii.  Additionally, provide a load file for the accompanying images (OPT format) and provide the extracted text of each document as referenced in vi. above

b.  Existing paper documents, should be scanned and produced as searchable multi-page PDF files or, alternatively, as TIFF images with accompanying Optical Character Recognition (OCR) text files.

The parties do not believe that phasing of ESI discovery is required, but have agreed to rolling productions at reasonable intervals.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The Parties are conferring on a proposed order.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES**: Cannot be evaluated until 6/1/2021.

**JOINT STATEMENT RE: MEDIATION**: The parties will notify the Court by 5/1/2021 whether mediation will occur and, if so, when.

**TRIAL ESTIMATE**: 2 weeks.

**WITNESSES AND EXHIBITS**: Per the Court's Rules, witness and exhibit lists, included in final pretrial statements, will be due 10 days before the final pretrial conference.

**PRELIMINARY PRETRIAL CONFERENCE**: The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS**:  Planet Fitness/Mr. Miolla may file at an early stage in these proceedings a motion for partial summary judgment as to JEG-United's counterclaims to the extent they are affected by releases already signed by JEG-United and/or its principals.  Planet Fitness/Mr.

Miolla may also file at an early stage a motion for judgment on the pleadings as to JEG-United's counterclaim and third-party claim for tortious interference.

Respectfully submitted,

Planet Fitness International Franchise and Raymond Miolla

By Their Attorneys,

SHEEHAN PHINNEY BASS & GREEN, PA

Dated:  August 28, 2020                 By: */s/ Patrick J. Queenan*
                                        Patrick J. Queenan, Esq. (#20127)
                                        James P. Harris, Esq (#15336)
                                        1000 Elm Street, 17th Floor
                                        Manchester, NH 03110
                                        (603) 668-0300
                                        pqueenan@sheehan.com
                                        jharris@sheehan.com

                                        -and-

                                        GENOVESE, JOBLOVE & BATTISTA, PA
                                        Michael D. Joblove (FL #354147) (*pro hac vice*)
                                        Brett Halsey (FL #0013141) (*pro hac vice*)
                                        100 S.E. Second Street, 44th Floor
                                        Miami, FL 33131
                                        (305) 349-2312
                                        mjoblove@gjb-law.com
                                        bhalsey@gjb-law.com


                                        COUNSEL FOR PLAINTIFF AND THIRD-
                                        PARTY DEFENDANT


                                        JEG-United, LLC,

                                        By Its Attorneys,

                                        Duane Morris LLP


Dated: August 28, 2020                  By:   */s/ James H. Steigerwald*

                                        James H. Steigerwald (*pro hac vice*)
                                        30 South 17th Street

Philadelphia, PA 19103
215-979-1145
jhsteigerwald@duanemorris.com

Bryan Harrison (269106)
100 High Street, Ste 2400
Boston, MA 02110
857-488-4283
bharrison@duanemorris.com

ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all counsel of record by virtue of the court's ECF filing system.

Dated: August 28, 2020          */s/ Patrick J. Queenan*
                                     Patrick J. Queenan (#20127)